IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE GRISSOM and RONALD WALKER,

                    Plaintiffs,

v.

CHRISTOPHER SCHMALING and JOHN DOES,

                    Defendants.

OPINION & ORDER

17-cv-121-jdp

Pro se plaintiffs Terrance Grissom and Ronald Walker bring this action alleging mistreatment at the Racine County Jail. More specifically, they allege that although they were placed in "administrative segregation status" at the jail, they did not receive the same privileges usually afforded prisoners given that status, and that they were subjected to cold temperatures.

Grissom is a frequent litigator in this court (he has brought more than 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. He cannot escape these burdens by filing a joint lawsuit with another prisoner. Nor can he evade the requirement that he make an initial partial payment of the filing fee. The initial partial payment calculated by the court in this case is $0.03 for Grissom. One of the hallmarks of his recent litigation has been his failure to submit even extremely small initial partial payments after being told to do so by the court.

That initial-partial-payment problem may not be present here. Grissom has submitted a document, which looks to be repurposed from the Eastern District of Wisconsin, titled "Authorization for Release of Institutional Account Information and Payment of the Filing

Fee." Dkt. 2-1. I take this to be Grissom's request to the business office of his current prison, the Green Bay Correctional Institution, to submit the $0.03 payment from his release account.

Because of Grissom's longstanding refusal to make initial partial payments in his cases, I would usually wait before addressing the substance of his complaint. But because Grissom appears to be making an attempt to obtain the funds necessary to litigate this case, and because there are major problems with the complaint, I will address those problems now, and dismiss the case.

First, it is unclear whether plaintiff Walker truly means to be part of this lawsuit. All of the documents purported to have been submitted by the plaintiffs have been signed by Grissom only. Walker's name appears on the signature block, printed in handwriting that I recognize as Grissom's. Without Walker's signature, I cannot consider his claims. But I will not subject Walker to a filing fee for this case.

Second, Grissom cannot not proceed with any claims. Although the complaint suffers from the same lack of clarity common to his previous filings, it appears that Grissom is complaining about two problems at the Racine County Jail: (1) he was not given the same privileges as other prisoners given the same confinement status; and (2) he was subjected to cold temperatures. Grissom could not proceed with any sort of equal protection or due process claim regarding his privileges in the jail because he is barred from filing any claims other than "imminent danger" claims.

The right kind of cold-cell claim might pass muster under the filing bar facing Grissom, but his allegations here are not enough to clear that bar. This court has repeatedly warned Grissom against alleging claims that only vaguely hint at the problems he faced. His

2

current allegations are just as vague as many of his prior complaints. He does not explain how long he was subjected to the cold cell, how cold the cell was, what other accommodations he was given, such as clothing or blankets, or how he was harmed by the conditions. He also was no longer at the Racine County Jail at the time he filed his complaint, so it is unclear whether he will even be subjected to the problem in the future.

In a different circumstance I would dismiss only the complaint and have Grissom amend his complaint to provide further detail. But the court has been down this road with Grissom many times in the past. He has been barred from filing all but imminent-danger complaints for a reason: his repeated filings take court attention away from other litigants who follow the rules and diligently pursue their claims. I will dismiss this case outright without first having Grissom attempt amending his complaint. If he and Walker truly wish to litigate claims about the jail together, they will need to get in touch with each other and jointly prepare and sign a complaint. For Grissom to remain involved in such a case, he will need to explain in more detail why he believes he was in imminent danger of serious physical harm while incarcerated at the jail, and explain how he faces the risk of future harm there.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close this case.

2. Plaintiff Walker will not owe a filing fee for this case.

Entered March 8, 2017

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge